UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN ELIZABETH TRATAR,

    Plaintiff,

vs.                                                                           Case No. 13-12262

COMMISSIONER OF SOCIAL SECURITY,            HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 13) AND**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 10)**

## I. INTRODUCTION

This is a social security case. Plaintiff Susan Elizabeth Tratar (Plaintiff) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability benefits. Plaintiff claims disability since December 30, 2007, due to scoliosis.

The parties filed cross motions for summary judgment. (Docs. 10, 13) The Court referred the motions to a Magistrate Judge (MJ) for a report and recommendation (R&R). In the R&R, (Doc. 15) the MJ recommends that the Court deny Plaintiff's motion for summary judgment and grant the Commissioner's motion. Now before the Court is Plaintiff's Objections to the R&R. (Doc. 16) For the reasons that follow, the Court will adopt the R&R as the findings and conclusions of the Court, supplemented as below. The

1

Commissioner's Motion for Summary Judgment (Doc. 13) is GRANTED, and Plaintiff's Motion for Summary Judgment (Doc. 10) is DENIED.

## II. BACKGROUND

### A. Personal History

The R&R sets forth the facts, many of which are repeated here. Plaintiff applied for disability benefits in January 2010, alleging that beginning on December 30, 2007 she was disabled and unable to work due scoliosis. (Tr. at 75, 225) The Social Security Administration (SSA) denied Plaintiff's claim, and Plaintiff requested a hearing before an ALJ.

At the time of the administrative hearing, Plaintiff was forty-three years old and lived with her husband and three children, ages fifteen, thirteen, and nine. (Tr. at 59) She had been working as an orthodontic assistant, one day per week for four hours, and as a cashier, one to two days per week for four hours at a time. (Tr. at 57-58) On a typical day that she was not working, Plaintiff would take her children to school, clean up the dishes after breakfast, do light housekeeping such as dishes and laundry, take a shower, and read. (Tr. at 59-60) Plaintiff stated that she could lift approximately fifteen pounds and walk for a couple blocks. In her work as a cashier, she could stand for four hours with a fifteen minute break, and could sit for about two hours before needing to get up and move around. (Tr. at 60-61)

Plaintiff had back surgery in 2008 for scoliosis. (Tr. at 63) Although post-operative imaging revealed that she had excellent correction in the curve of her spine, she testified that the surgery left her unable to lift her arm beyond a certain point. (Tr. at 64) She was also experiencing pain that would not go away. (Tr. at 63) Plaintiff testified that her pain

was typically around two on a scale of one to ten, which increased to four or five as a result of a pinched nerve in her back. (Tr. at 61-62) She went through a number of physical therapy sessions but had to discontinue when her husband lost his job and the family temporarily lost their medical insurance. (Tr. at 61)

Plaintiff further testified that the pain has affected her job as a cashier. (Tr. at 63) She said that she has not been able to work an eight-hour workday since 2008 because she was unable to sit or stand for that long. She said that on a typical day, she needed to lay down twice per day to allow her back to decompress. (Tr. at 64) She estimated that the most she could work without needing to lie down was approximately four or five hours at a time. (Tr. at 66)

### B. The ALJ's Decision

In April 2011, the ALJ found that Plaintiff was not entitled to disability benefits. She concluded that Plaintiff has the residual functional capacity to perform light work, limited to a sit-stand arrangement, and with no more than occasional climbing of ladders, stairs, or ramps. (Tr. at 78) The ALJ also limited Plaintiff to not more than brief crouching or kneeling, no overhead reaching with her right arm. (Tr. at 78)

In reaching this decision, the ALJ considered Plaintiff's longitudinal history, including Plaintiff's statements regarding her symptoms and the opinions of medical sources. The ALJ noted Plaintiff's testimony that she is unable to work due to scoliosis, and that the condition affects her ability to life, squat, bend, stand, walk, sit, kneel, and climb stairs. She also noted that Plaintiff experienced back pain that made it difficult to sleep. (Tr. at 79) The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to causes these alleged symptoms. (Tr. at 79)

Considering the medical evidence, the ALJ noted that Plaintiff underwent surgery for scoliosis in June 2008 with Dr. David Montgomery, M.D., an orthopaedic surgeon. (Tr. at 79) The ALJ noted that three months after the surgery, Plaintiff reported little pain in her back and no pain in her legs, (Tr. at 79, 335) and that by January 2009, she reported reduced pain and frequency of muscle spasms between her shoulder blades. (Tr. at 80, 343) The ALJ noted that although Dr. Montgomery requested further follow-up after a year, the records did not disclose that Plaintiff followed up, suggesting that her treatment was successful. (Tr. at 80).

The ALJ then noted the March 2010 state consultative examination by Dr. Amer Arshad, M.D., who determined that Plaintiff's gait was normal without assistive device and that her range of motion was normal. (Tr. at 368) He noted some symptoms of scoliosis, including some deformity in the chest wall, decreased range of motion in the lumbosacral spine, and some muscle spasms. (Tr. at 368)

Turning to the opinion evidence, the ALJ noted the April 2010 assessment of state agency consultant Lynn Yackley, who determined that Plaintiff retains the ability to perform light work and should be able to walk or stand for at least two hours in an eight-hour workday. The ALJ determined that this opinion should be given some weight because it considered Plaintiff's longitudinal record and because it was consistent with the medical evidence. (Tr. at 80)

Next, the ALJ noted the opinion of Dr. Jerome Bekker, D.O., Plaintiff's family doctor, who opined that Plaintiff is unable to work as a result of her ongoing pain. On February 4, 2011, Dr. Bekker authored a handwritten note in support of disability. The statement reads in its entirety:

> Susan Tratar DOB 10/1/68 has been my patient for many years and has a history of significant scoliosis. She underwent surgery to help the symptoms which included pain [] and poor posture. In spite of the very aggressive surgery the patient still has pain and has difficulty with activities of daily living. She is unable to work as a result of her ongoing pain.

(Tr. at 375)   The ALJ gave this "conclusory" opinion little weight because "(1) it is inconsistent with the fact that [Plaintiff] is working, albeit part time, (2) it is inconsistent with [Plaintiff's] reported activities of daily living, and (3) it is inconsistent with the medical evidence of record."  (Tr. at 80)  The ALJ also noted that "Dr. Bekker's opinion that [Plaintiff] is unable to work is tantamount to a disability opinion, a matter than is reserved to the Commissioner for a determination.  Such an opinion by a treating physician is not entitled to any special significance."  (Tr. at 80) (quotations and citations removed)

Considering the totality of the evidence before him, the ALJ found that Plaintiff's statements regarding "the intensity, persistence, and limiting effects of her symptoms [were] not credible to the extent they are inconsistent with [Plaintiff's] residual functional capacity assessment."  (Tr. at 79)  On the issue of credibility, the ALJ determined that "the record does not support a disabling impairment," and found insufficient objective evidence to support "the severity of symptoms and degree of functional limitations alleged by [Plaintiff]."  (Tr. at 80-81)  The ALJ added that the Plaintiff's "described daily activities [were] not limited to the extent one would expect, given the complaints of disabling symptoms and limitations."  (Tr. at 81)  The ALJ also noted that the Plaintiff's own complaints have been inconsistent.  Although Plaintiff's statements indicated that her pain had worsened over

time, Plaintiff also reported during this period that there were no changes in her condition, that the surgery was successful, and that she was pleased with the results. (Tr. at 81) Finally, the ALJ explained that Plaintiff's "inconsistent and vague statements" regarding whether she could work additional hours at the orthodontist office "suggest that the information provided by the claimant generally may not be entirely reliable." (Tr. at 81)

The ALJ summarized his findings as follows:

> In sum, the above residual functional assessment (RFC) is supported by the fact that [Plaintiff] has found relief from surgery and since then has had very infrequent appointments with her physicians. The RFC assessment is also supported by the fact that [Plaintiff] has good activities of daily living and is able to do many things despite her allegedly disabling impairments. Lastly, the RFC assessment is supported by the opinion of Dr. Amer Arshad and in party by the State Agency consultant. Consequently, as the subjective complaints in the record do not support a further reduction of the established residual functional capacity, the [Plaintiff] retains the residual functional capacity as described above.

(Tr. at 81-82)

### C. Plaintiff's Objections to the R&R

Plaintiff requested a review of the ALJ's decision. The Appeals Council (AC) declined to review Plaintiff's case, finding no reason to disturb the findings of the ALJ. Plaintiff filed the instant action for judicial review of the denial of benefits. The parties filed cross motions for summary judgment, (Docs. 11, 15) which were referred to the MJ. The

6

R&R rejected Plaintiff's assertions and found that there was substantial evidence in the record to support the ALJ's decision.

Plaintiff objects to the R&R on two grounds. First, Plaintiff argues that there is no evidence to support the ALJ's conclusions regarding Plaintiff's credibility. Second, Plaintiff argues that the ALJ's decision to grant limited weight to Dr. Bekker's opinion was not supported by adequate reasons in the record.

### III. STANDARD OF REVIEW

Judicial review of a Social Security disability benefits application is limited to determining whether the "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973). The substantial evidence standard "presupposes that there is a zone of choice within which the decision makers can go either way, without interference with the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). The portions of the R&R that the claimant finds objectionable are reviewed de novo. 28 U.S.C. § 636(b)(1)(c); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## IV.  DISCUSSION

### *A. There Is Sufficient Evidence to Support the ALJ's Conclusions Regarding Plaintiff's Credibility*

Plaintiff argues that the ALJ erred in determining that Plaintiff's testimony regarding her symptoms and the severity of her condition was not credible.  Specifically, Plaintiff argues that there was no evidence supporting the ALJ's credibility determination.  The record, however, establishes otherwise.

Although any credibility assessment made by an ALJ must be supported by substantial evidence in the record, the ALJ's findings regarding a claimant's credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."  *Walters*, 127 F.3d at 531. However, an ALJ's determination on credibility is not immune from review.  An ALJ's credibility determination must also contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  SSR 96-7P (July 2, 1996).

Here, the ALJ provided numerous reasons for concluding that Plaintiff's claims were not credible.  The ALJ noted the "general lack of objective evidence to support [Plaintiff's] subjective complaints," the inconsistency in Plaintiff's alleged symptoms over time, and the observation that her daily activities do not support the alleged severity of her symptoms. (Tr. at 81)  The ALJ also explained that Plaintiff's "inconsistent and vague statements" on her ability to work more hours "suggest that the information provided by the claimant generally may not be entirely reliable."  (Tr. at 81)  The ALJ is tasked with observing a

witness's demeanor and credibility, and the ALJ's findings related to Plaintiff's credibility are well founded and consistent with the record as a whole. Therefore, the ALJ's credibility determination was supported by substantial evidence in the record and provided specific reasons for that determination.

### B. The ALJ Provided Adequate Reason for Discounting Dr. Bekker's Opinion

Plaintiff argues that the ALJ erred by failing to describe sufficiently good reasons for discounting Dr. Bekker's opinion. However, the record reflects otherwise.

Under the "Treating-Source Rule," the opinions of a claimant's treating physician are generally given more weight than those of non-treating and non-examining physicians because treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . ." 20 C.F.R. § 404.1527(c)(2). Further, the opinion of a treating physician is given controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.*; *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must consider a number of factors in considering how much weight is appropriate. *Rogers*, 486 F.3d at 242. The ALJ must also provide "good reasons" for discounting a treating physician's opinion, which are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* (quoting Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4). The

purpose of this rule is two-fold: "'to let claimants understand the disposition of their cases,'" and to "ensure[] that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson*, 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)).

Here, the ALJ explained that he discounted Dr. Bekker's opinion because it was inconsistent with Plaintiff's part-time work history, her reported daily activities, and the medical evidence of record. The ALJ also noted that Dr. Bekker's opinion was "conclusory" and "tantamount to a disability opinion, a matter than is reserved to the Commissioner for a determination." (Tr. at 80)

These reasons for discounting Dr. Bekker's opinion are well-founded. To begin, Dr. Bekker's statement was, to be sure, conclusory, stating merely that Plaintiff was "unable to work as a result of her ongoing pain." (Tr. at 375) In addition, Dr. Bekker's opinion that Plaintiff is "unable to work" is inconsistent with the fact that Plaintiff was working, albeit part-time. Finally, considering the other medical opinions, Plaintiff's treatment history, and Plaintiff's own statements regarding her daily activities, Dr. Bekker's conclusions appears plainly at odds with other evidence before the ALJ.

Thus, the ALJ provided adequate reasons for giving little weight to Dr. Bekker's opinion, and the Court is able to engage in a meaningful review of his decision. Plaintiff's objections do not prevail.

## V. CONCLUSION

For the reasons stated above, the R&R is adopted as the findings and conclusions

of the Court, supplemented as above. Plaintiff's motion for summary judgment has therefore been denied, and the Commissioner's motion for summary judgment granted. This case is DISMISSED.

SO ORDERED.

 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 3, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 3, 2014, by electronic and/or ordinary mail.

s/Sakne Chami
Case Manager, (313) 234-5160